UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDDIE LOUIS DILLARD,

        Plaintiff,

v.

CITY OF ST. PAUL, MAYOR CHRIS
COLEMAN, STATE DEPARTMENT OF
CORRECTIONS, and Commissioner
JOAN FABIAN,

        Defendants.

Civil No. 09-2154 (JNE/JJG)

**REPORT AND RECOMMENDATION**

      Plaintiff, an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota, has filed a second amended complaint, (Docket No. 14), seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights.[1]  This case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2]  For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

    [1] The previous pleadings in this case, (Docket Nos. 1, 4, 8, and 9), were stricken, because they suffered from a host of defects.  (See Orders dated August 21, 2009, [Docket No. 3], and October 7, 2009, [Docket No. 12].)  Plaintiff was granted leave to file a second amended complaint, and he did so on October 28, 2009.

    [2] Plaintiff did not pay the $350.00 filing fee for this action, but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  Because Plaintiff is a prisoner, he was ordered to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1).  (See Order dated August 21, 2009; [Docket No. 3].)  Plaintiff has now paid his initial partial filing fee, so this case can proceed to the screening process prescribed by § 1915A.

## I. BACKGROUND

Plaintiff's second amended complaint is nearly impossible to understand, because it is so poorly organized, and so poorly written. As far as the Court can tell, Plaintiff was granted a supervised release from a Minnesota state prison earlier this year, pursuant to Minn. Stat. § 244.05. He apparently returned to prison a short time later, because he was found guilty of violating the terms and conditions of his supervised release. Plaintiff seems to be claiming that he should not have been subject to the supervised release provisions of § 244.05 when he was previously released from prison, and that he should not have to serve any term of supervised release in the future.

The named Defendants in this action are (1) the City of St. Paul, Minnesota, (2) St. Paul Mayor Chris Coleman, (3) the Minnesota Department of Corrections, ("DOC"), and (4) DOC Commissioner Joan Fabian. Plaintiff is attempting to sue Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. He is seeking a judgment against Defendants in the amount of $1,000,000.00, as well as some unidentified "injunctive relief."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various government entities and employees, his complaint must undergo preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every civil action brought by a prisoner against government entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state a cause of action on which relief can be granted, the case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege <u>a set of historical facts</u>, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions"); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's <u>personal</u> involvement in alleged constitutional wrongdoing). <u>See</u> <u>also</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); <u>Speed v. Ramsey County</u>, 954 F. Supp. 1392, 1397 (D.Minn. 1997) (same).

In this case, Plaintiff has not pleaded an actionable civil rights claim, because he has not alleged any <u>facts</u>, which, if proven true, would show that Defendants violated his federal constitutional rights. Plaintiff's current pleading does not describe any specific acts or

omissions by any of the named Defendants that could be viewed as a violation of Plaintiff's constitutional rights.

Two of the named Defendants, City of St. Paul and the DOC, are barely mentioned in the substantive allegations in the second amended complaint. Plaintiff certainly has not described anything that either of these two entities actually did, (or failed to do), that violated his constitutional rights.[3]

Plaintiff's second amended complaint also fails to describe any _personal_ act or omission by Defendant Joan Fabian, which allegedly violated Plaintiff's federal constitutional rights. It is alleged that Defendant Fabian "predisposed and arranged for [Plaintiff] to be held and secured at R.S. Eden located at 532 Ashland Avenue, St. Paul, Ramsey County, Minnesota," (Second Amended Complaint, Attachment, p. 2, § III), but this is not a set of historical facts that describes a violation of Plaintiff's constitutional rights.

Plaintiff also alleges that because St. Paul Mayor Coleman "did not protect him as a citizen in his city that his [sic] is negligent." (Id., p. 3, § V.) This is not an actionable § 1983 claim because (a) Plaintiff has not identified any danger from which he needed protection, (b) Defendant Coleman does not have any _personal_ duty – under the Constitution or otherwise – to "protect" every citizen of the City of St. Paul, and (c) Defendant Coleman cannot be sued under § 1983 merely for alleged negligence. Plaintiff apparently believes that he can bring a § 1983 civil rights action against the City of St. Paul and its Mayor, simply because his constitutional rights allegedly were violated while he was in St. Paul. That obviously is not so.

---

[3] The Court further notes that the DOC is an agency of the State of Minnesota, and it is therefore immune from § 1983 damage claims brought in federal court by reason of the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

4

Because Plaintiff's submissions in this case are so inscrutable, it is impossible to know exactly what he had in mind when he commenced this lawsuit. It appears, however, that Plaintiff thinks he should be excused from serving the supervised release portion of the sentence he received in a state court criminal case. He seems to be seeking a judgment that would terminate his sentence immediately, cause him to be released from prison immediately, and eliminate any future term of supervised release. If that is indeed the gist of Plaintiff's lawsuit, then he cannot pursue his claims by means of this (or any other) civil rights action. It is well settled that habeas corpus is the only federal court remedy available to a state prisoner who is seeking to expedite his release from custody. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Heck v. Humphrey, 512 U.S. 477, 481 (1994).

## III.  CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's second amended complaint plainly fails to state any cognizable cause of action against any of the named Defendants. Plaintiff has now had three opportunities to plead an actionable claim in this case, and he has not come close to doing so. Therefore, the Court will recommend that this action be summarily dismissed pursuant to § 1915A, and that Plaintiff should not be granted any further leave to amend.

Because Plaintiff has failed to state an actionable claim for relief, the Court will also recommend that his IFP application, (see n. 2, supra), be summarily denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will

remain liable for the unpaid balance of the $350.00 filing fee.[4]  To date, only $19.13 has been paid, so Plaintiff will have to pay an additional $330.87.[5]  Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Because Plaintiff has failed to plead an actionable claim, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

Finally, the Court notes that Plaintiff recently submitted an anomalous document in this case, which the Clerk's Office filed as a "motion." (Docket No. 15.)  For the most part, this document, like Plaintiff's other submissions, is incomprehensible.  To the extent that the "motion" is comprehensible, the Court finds nothing in it that could change the outcome of this case.  Having determined that this entire action should be summarily dismissed for the reasons discussed above, the Court will also recommend that Plaintiff's untitled

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

[5] The original complaint in this case, (Docket No. 1), indicated that Plaintiff was one of several co-plaintiffs bringing this action.  Three of the original co-plaintiffs, including Plaintiff, have paid part of the initial partial filing fee for this action. (See Docket Nos. 5, 10 and 11.) However, the current pleading, (i.e., the second amended complaint), has been signed and filed by Plaintiff alone.  Therefore, all of the other original co-plaintiffs are deemed to have abandoned this action, and their still pending IFP applications should be denied as moot.  Because Plaintiff alone did not voluntarily abandon this action, but elected to continue to pursue it by filing a second amended complaint on his own, Plaintiff alone will remain responsible for the entire unpaid balance of the filing fee for this case.

collateral motion be summarily denied.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. The pending applications to proceed in forma pauperis that were filed by Larry V. McMath, (Docket No. 6), and Richard Douglas, (Docket No. 7), be **DENIED AS MOOT**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $330.87, in accordance with 28 U.S.C. § 1915(b)(2);

5. Plaintiff's pending collateral motion, (Docket No. 15), be **DENIED**; and

6. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."


Dated: December 8, 2009         s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 22, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.