UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Freddie Louis Dillard,

        Plaintiff,

v.

City of St. Paul, Mayor
Chris Coleman, State
Department of Corrections,
and Commissioner Joan Fabian,

        Defendants.

Civil No. 09-2154 (JNE/JJG)
ORDER

This case is before the Court on a Report and Recommendation (R&R) issued by the

Honorable Jeanne J. Graham, United States Magistrate Judge, on November 18, 2009. The

magistrate judge recommended that Plaintiff's application to proceed in forma pauperis be

denied and that the applications to proceed in forma pauperis of Larry V. McMath and Richard

Douglas be denied as moot.[1] The magistrate judge also recommended that this action be

summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) (2006); that Plaintiff be required to

pay the unpaid balance of the Court filing fee, namely $330.87, in accordance with 28 U.S.C.

§ 1915(b)(2); that Plaintiff's pending collateral motion be denied; and that, for purposes of 28

U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim on which relief may be granted.

Rather than filing objections to the R&R, Plaintiff filed a "Motion Relief Judgment Fed.

R. Civ. P. 60(b)" and supporting memorandum. Rule 60(b) states the grounds for relief from

"from a final judgment, order, or proceeding." *See* Fed. R. Civ. 60(b). An R&R is not a final

---

[1]     McMath and Douglas were named as Plaintiffs in the original Complaint, but they were not named as Plaintiffs in either the Amended Complaint or the Second Amended Complaint.

judgment, order, or proceeding.  Consequently, the Court construes Plaintiff's motion as an objection to the R&R.

Based on the Court's de novo review of the record, *see* D. Minn. LR 72.2(b), the Court adopts the R&R with the exception of the requirement that Plaintiff pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2).  Plaintiff was an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota, and therefore a prisoner within the meaning of the Prison Litigation Reform Act of 1995 (PLRA) when he brought this action.  *See* 28 U.S.C. § 1915A(c).  Accordingly, Plaintiff must pay the unpaid balance of his filing fee "because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action."  *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).  Normally, the Court would require payment of the unpaid balance in accordance with 28 U.S.C. § 1915(b)(2).  However, the Minnesota Department of Corrections website indicates that Plaintiff is no longer incarcerated, and therefore the unpaid balance cannot be deducted from his prison trust account in the manner contemplated by 28 U.S.C. § 1915(b)(2).  Nevertheless, Plaintiff will remain liable for the unpaid balance of the filing fee, and if he ever returns to prison, the trust account deductions mandated by § 1915(b)(2) will then have to be implemented.  Therefore, IT IS ORDERED THAT:

1.    Plaintiff's application to proceed in forma pauperis [Docket No. 2] is DENIED.

2.    McMath's and Douglas's applications to proceed in forma pauperis [Docket Nos. 6 & 7] are DENIED AS MOOT.

3.    This action is SUMMARILY DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

4.    Plaintiff shall pay the unpaid balance of the Court filing fee, namely, $330.87.

5.    Plaintiff's pending collateral motion [Docket No. 15] is DENIED.

6.      For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 27, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge